REGAN, Judge.
The plaintiff, Frank Bartley, filed this suit against the defendant, Robinson Canning Co., Inc., endeavoring to recover the sum of $14,000.00 representing workmen’s compensation for total and permanent disability which he asserts he incurred as the result of injuries sustained by him in an automobile collision on June 28, 1966.
The defendant answered, and generally denied the usual allegations delineated in the plaintiff’s petition and then affirmatively asserted that he was able to return to his former occupation without any evidence of disability or pain.
From a judgment in favor of the defend-’ ant dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record discloses that on June 28, 1966, the plaintiff was injured while riding in a truck which was owned by the defendant, his employer. The occurrence of the accident and the fact of the plaintiff’s employment by the defendant are undisputed.
*695 The plaintiff testified that he suffered injuries to his leg and back and was rendered unconscious as the result of the collision. He was treated by Dr. William J. Roy for several weeks, after which he was discharged as fit to return to work. Dr. Roy again saw him on November 3, 1966, and the result of this examination was an absence of significant symptoms or objective findings. The reason given by the plaintiff for not continuing treatment with Dr. Roy was the fact that Dr. Roy informed him that nothing was wrong which information the plaintiff apparently did not wish to hear. About two weeks after his accident, he was employed by the Parish of Jefferson in the Garbage Collection Department. He continued to work there from that time until the date of the trial.
During his employment with the Garbage Collection Department, the plaintiff insists that his back hurt him and that it continued to do so to the date of the trial hereof.
After the plaintiff discontinued the treatment being administered by Dr. Roy, he did not seek medical treatment from any physician until February 28, 1967, when he visited the offices of Dr. Russell Roban-do, Jr. Dr. Robando related that he treated the plaintiff from February 28, 1967, periodically until January 24, 1968. He expressed the opinion that the plaintiff did have pain in the area of the lumbar spine, his principal complaint at the time of the trial, and exhibited symptoms of such pain at an examination shortly prior to the trial. It should be pointed out, however, that between Dr. Roy’s treatment and the initiation of treatment by Dr. Robando the plaintiff worked for the Garbage Department continuously at a much higher salary than that paid by the defendant.
The lower court, after considering all of the facts, reasoned that while the plaintiff did have a low back injury, it was not caused by or in any way related to the accident of June 28, 1966. The court additionally expressed the opinion that the true reason for the plaintiff’s leaving his employment with the defendant and not returning for the medical treatment of Dr. Roy was the fact that he had recovered from his injuries and had found a job offering more money than that paid by the defendant.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the nature and duration of the plaintiff’s injuries and, therefore, concluded that he had completely recovered from any injuries which resulted from the collision in which he was involved while in the course of his employment with the defendant.
The question which this appeal has posed for our consideration is whether that finding of the trial judge was so erroneous and unsupported by the evidence adduced herein so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony offered in the course of the trial or by endeavoring to reconcile the respective litigants’ version of the nature and duration of the injuries sustained by the plaintiff. The trial judge accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.